**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**JILL JENNINGS, individually**

    **Plaintiff,**

                                            **CASE NO.:**

**vs.**

**ADVANCED FORMS AND PRINTING,**
**INC., a Florida Corporation**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JILL JENNINGS, is a former employee of Defendant, ADVANCED CUSTOM FORMS & PRINTING, INC., and brings this action for unpaid wages and unpaid overtime wages. In support of this Complaint, Plaintiff states as follows:

### INTRODUCTION

1.    This is a claim for unpaid wages and overtime wages pursuant to 29 U.S.C. §§ 207(a) and 216(b).

2.    In 1937, President Franklin D. Roosevelt introduced to Congress a piece of New Deal Legislation related to minimum wage and hour standards in an effort to pull this county out of the Great Depression. In doing so, he charged Congress with the following:

> To protect the fundamental interests of free labor and a free people we propose that only goods which have been produced under conditions which meet the minimum standards of free labor shall be admitted to interstate commerce. Goods produced under conditions which do not meet rudimentary standards of decency should be contraband and ought not to be allowed to pollute the channels of interstate trade. 81 Cong. Rec. 4961 (1937).

3.    The Fair Labor Standards Act (hereinafter referred to as "FLSA") was signed into law on June 28, 1938, with overwhelming support from both Democrat and Republican leaders. The motivations behind the FLSA ring just as true in today's economic turmoil

1

as they did in the 1930's, as the FLSA's minimum wage and maximum hour provisions serve the dual purposes of lessening the costs of doing business and spreading work among the masses.

4. As explained by Justice Reed, "[i]n a period of widespread unemployment and small profits, the economy inherent in avoiding extra pay was expected to have an appreciable effect in the distribution of available work." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942). In other words, the FLSA's overtime requirement was not intended to force employers to pay *more* per hour but rather to ensure that companies paid *less* by incentivizing them to employ more people.

5. The Defendant in this case violated the FLSA by failing to pay the Plaintiff proper overtime compensation.

6. By virtue of its actions, Defendant is unfairly competing with companies who choose to follow the law and are contributing to the depression of wages and the lessening of the intrinsic value of goods and labor in this country.

## STATEMENT OF FACTS

7. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Lee County, Florida.

9. Defendant is a For Profit Corporation with its principal place of business in Lee County, Florida.

10. Defendant provides, among other things, large scale printing solutions for businesses from copy machines to printing promotional items.

11. At all times material, Defendant grossed more than $500,000 per year in gross sales or business done.

12.     Defendant employed two or more employees engaged in interstate commerce as Defendant's employees regularly handled and worked on goods that were moved in the flow of interstate commerce.

13.     Defendant is an enterprise as defined by the FLSA.

14.     Defendant is an enterprise engaged in commerce as defined by the FLSA.

15.     Defendant is an employer as defined by the FLSA.

16.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to the individual coverage of the FLSA.

17.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by the Defendant.

19.     Defendant hired Plaintiff in December 2012, as a non-exempt, hourly plus commission paid clerical employee.

20.     In exchange for her duties, Plaintiff was paid an hourly rate of $13.00 per hour during the relevant limitations period.

21.     During her employment with Defendant, Plaintiff regularly worked more than forty (40) hours in one or more week of her employment.

22.     Defendant's pay and time records do not account for all of Plaintiff's hours worked.

23.     Defendant failed to pay Plaintiff time and one half her regularly hourly rates for all of her overtime hours worked each week.

24.     Plaintiff is individually covered by the FLSA by virtue of her regular handling of goods within the flow of interstate commerce.

25.     Defendant did not maintain accurate records of all the hours worked by the Plaintiff.

26.     To the extent they exist, Defendant is in exclusive possession of the majority of the records reflecting the amounts paid and hours worked by the plaintiff.

27.     Defendant knew its conduct violated the FLSA or acted in reckless disregard for its provisions.

## COUNT 1- UNPAID OVERTIME WAGES

28.     Plaintiff reincorporates and adopts the allegations in paragraphs 1-27 above.

29.     Plaintiff was an employee of Defendant.

30.     Defendant was Plaintiff's employer as defined by the FLSA.

31.     Defendant is a covered enterprise as defined by the FLSA.

32.     Plaintiff is individually covered by the FLSA.

33.     Plaintiff regularly worked in excess of forty (40) hours per week for Defendant.

34.     Defendant failed to pay Plaintiff time and one half her regular hourly rate for all hours worked in excess of forty (40) each week in violation of Section 7(a) of the FLSA.

35.     Defendant had a practice of failing to pay its employees proper overtime compensation.

36.     Plaintiff suffered harm and continues to suffer harm in the form of unpaid wages as a result of the Defendant's violations.

37.     Plaintiff is owed additional compensation in the form of unpaid overtime wages.

38.     The Defendant's failure to pay overtime was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, JILL JENNINGS, respectfully prays for the entry of judgment against Defendant's, ADVANCED FORMS AND PRINTING, INC., for overtime compensation, liquidated damages, interest, costs and attorney's fees, and such other relief as this Court deems just, proper and equitable.

## COUNT 2- UNPAID WAGES

39. Plaintiff re-alleges and adopts herein the allegations contained within paragraphs 1-27, above.

40. This is an action against Defendant, for unpaid wages under Florida Statute, §448.01, interest, costs and attorney's fees.

41. Despite Plaintiff's reasonable attempts to obtain payment of these earned monies, Defendant has failed and refused to make payment as required by Florida Statute Chapter 448.

**WHEREFORE**, Plaintiff, JILL JENNINGS, respectfully prays for the entry of judgment against Defendant's, ADVANCED FORMS AND PRINTING, INC., for overtime compensation, liquidated damages, interest, costs and attorney's fees, and such other relief as this Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this ___9___ day of ~~June~~ July, 2014.


LEON M. WALSH, JR.
Florida Bar No. 0071061
Attorneys for *Plaintiff*
LUSK, DRASITES & TOLISANO, P.A.
202 South Del Prado Boulevard
Cape Coral, Florida  33990
239-574-7442 (telephone)
239-772-0318 (facsimile)
leon@westandforjustice.com
cgartland@westandforjustice.com

5