UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JILL JENNINGS, INDIVIDUALLY,

    Plaintiff,

vs.                                      CASE NO.: 2:14-cv-394-FtM-38DNF

ADVANCED FORMS AND PRINTING, INC.,
a Florida Corporation,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made by and between Jill Jennings ("Plaintiff") and Advanced Printing and Forms, Inc. ("the Defendant").

## RECITALS

**WHEREAS**, the Plaintiff was employed as a clerical employee for the Defendant from July 2012, through December, 2013; and,

**WHEREAS**, Jill Jennings filed a lawsuit against the Defendant captioned 2:14-cv-394-FtM-38DNF ("Action") alleging that the Defendant is liable to her for, among other things, unpaid overtime, liquidated damages, penalties, attorney's fees, and/or interest under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and its implementing regulations, which the Defendant has from the outset denied and continues to deny; and,

**WHEREAS**, the parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and the dismissal of the Action with prejudice, and have

concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and,

**WHEREAS**, to the extent there may be monies owed to Plaintiff under the Fair Labor Standards Act, the parties acknowledge there is a genuine good faith dispute over, among other things, number of hours worked; and,

**WHEREAS**, the parties, through counsel experienced in wage and hour law, have reviewed relevant documents and engaged in settlement negotiations, and as a result have agreed to settle the issues, matters and things in dispute among them in the Action and any other claims Plaintiff has or may have against the Defendant, pursuant to the terms of this Agreement; and,

**NOW THEREFORE**, in consideration of the mutual terms, conditions and covenants herein set forth, the parties hereto agree as follows:

1. **Compromise Acknowledgment and Non-Admission**

    Plaintiff acknowledges and agrees that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and is not to be construed as, an admission by the Defendant of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local, or common law, statute, ordinance, directive, regulation, or order (including executive orders).

2. **Settlement Amount**

    (a) Except as described herein, in consideration for all of the terms, conditions and undertakings by or related to Plaintiff in this Agreement and the mutual promises and covenants contained herein, all parties intending to be legally bound by this Agreement, the Defendant will cause to be paid to Plaintiff the amount set forth below representing back

wages and attorney's fees and costs as set forth herein. This is an amount agreed to among the parties to compromise, settle and satisfy the disputed claims of Plaintiff and includes all claims which Plaintiff may have against the Defendant and any of the Releasees as set forth below, including claims for back wages and/or benefits, liquidated damages, retaliation, interest, costs, taxable costs, attorney's fees, and all other legal or equitable damages to which Plaintiff may be entitled, all of which the Defendant disputes. The parties agree that the Defendant has a good faith basis for its position that Plaintiff was paid for all hours worked.

(b) The payment shall be made as follows: The Defendant shall issue a certified check, money order, or other cleared funds made payable to the "Lusk, Drasites, & Tolisano, P.A. Trust Fund" in the amount of One Thousand Eight Hundred and Seventy Five Dollars ($1,875) within twenty (20) days of the Court's approval of this settlement agreement. A second payment in the amount of One Thousand Eight Hundred and Seventy Five Dollars ($1,875) within forty (40) days of the Court's approval of this settlement agreement made payable to the "Lusk, Drasites, & Tolisano, P.A. Trust Fund". Upon receipt of the second payment, the parties will file a joint notice of dismissal with prejudice. If any settlement payments due and owing are not paid within the time constraints described above, the Defendant agrees to pay Plaintiff's costs, including reasonable attorney's fees related to the efforts to obtain payment. The check constitutes the payment of plaintiff's unpaid wages and payment of all reasonable attorney's fees and costs.

(c) All settlement checks including the attorney's fee check described herein shall be sent via overnight mail to Leon Walsh, Esq., Lusk, Drasites & Tolisano, P.A., 202 Del Prado Boulevard South, Cape Coral, Florida 33990.

(d)     Plaintiff, and Plaintiff's counsel, are solely responsible for complying with any and all taxing obligations arising from receipt of their respective portions of the settlement amounts paid herein.

3.  **Plaintiff's Waiver and General Release**

In exchange for the consideration provided for in this Agreement, Plaintiff hereby unconditionally releases the Defendant, from any and all claims, complaints, suits, controversies, damages, liabilities, and expenses of any nature whatsoever related to her employment by the Defendant.

4.  **No Other Payment Due**

Except as specifically provided in this Agreement, Plaintiff agrees that she is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendant.

5.  **Dismissal of Action**

Upon receipt of the second payment, the parties will file a joint notice of dismissal with prejudice. If any settlement payments due and owing are not paid within the time constraints described above, the Defendant agrees to pay Plaintiff's costs, including reasonable attorney's fees related to the efforts to obtain payment. The check constitutes the payment of plaintiff's unpaid wages and payment of all reasonable attorney's fees and costs.

6.  **Entire Agreement**

Plaintiff represents and acknowledges that she has carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between him and the Defendant and that he is not relying upon any

representations or statements, written or oral, made by or on behalf of the Defendant not set forth herein.

7. **Waiver and Modification**

This Agreement may not be modified or amended, nor may any right or obligation set forth herein be waived, except in a writing signed by each of the parties hereto with at least the same formalities as are observed herein. A waiver as to any particular term shall not operate as a waiver as to any other terms.

8. **Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted it.

9. **Severability Clause**

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in paragraph 3 are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. **Governing Law**

This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida without regard to Florida's conflict of law provisions.

11. Authorization

The parties warrant and represent that she/it has the power to enter into this Agreement. Each of the corporate entities that are party to this Agreement also warrants and represents that the person executing this Agreement on its behalf has been authorized to do so by any and all appropriate corporate bodies. Each of the undersigned represents and warrants that he has the authority and capacity to act on behalf of the entity on behalf of whom he signed this Agreement and bind them to the terms and conditions of this Settlement Agreement.

12. Binding Agreement

This Agreement shall be binding upon and inure to the benefit of the parties and their heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement on the dates indicated below.

JILL JENNINGS

*/s/ Jill Jennings*

Dat: 3/24/15

ADVANCED FORMS AND PRINTING, INC.

By: */s/ Heather Lovejoy*

Heather Lovejoy

President

Date: 3/17/15