UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JILL JENNINGS, individually,

    Plaintiff,

v.                                                            Case No:  2:14-cv-394-FtM-38DNF

ADVANCED FORMS AND PRINTING,
INC., a Florida corporation,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the parties' Joint Motion for Approval of Settlement and General Release (Doc. 23) filed on March 5, 2015.  The parties are requesting that the Court approve their settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.  For the reasons explained below, the Court recommends that the parties' motion be **GRANTED**.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff worked for Defendant from July 2012 to December 2013 as a clerical employee. The parties have agreed to settle this matter. Under the settlement agreement, Plaintiff will receive $750.00 in full settlement of her wage claims. (Doc. 23 p. 2; Doc. 27 p. 3). Plaintiff's counsel will receive $3,000.00 as compensation for its fees and costs. (Doc. 23 p. 2; Doc. 27 p. 3). The parties represent that Plaintiff's attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 23 p. 2). Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of

> the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

Here, the parties represent that the Plaintiff's attorney's fees were agreed upon separately in this matter and that Plaintiff's recovery was not adversely affected by the amount paid to her attorney. Defendant does not contest the fees to be paid to Plaintiff's counsel and has joined in the instant motion to approve the settlement agreement. For these reasons, the Court finds the parties' Settlement Agreement and General Release (Doc. 27) to be fair and reasonable.

The parties' Settlement Agreement and General Release also provides that the settlement amount will be disbursed in two payment, the first payment due within twenty days after the Court's approval of the settlement agreement and the second payment due within forty days of the Court's approval of the settlement agreement. (Doc. 27 p. 3). The Settlement Agreement and General Release further provides that the parties will file a joint notice of dismissal with prejudice upon receipt of the second payment. Rather than adopt this procedure, the Court finds it the better course to administrative close the file and dismiss the case subject to the right of the parties to move the Court within forty-five (45) days to reopen the case for further proceedings upon a showing of good cause pursuant to Rule 3.08 of the Local Rules of the Middle District of Florida.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion for Approval of Settlement and General Release (Doc. 23) be **GRANTED** and the Settlement Agreement and General Release (Doc. 27) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues; and

2) Administratively close the file and dismiss this case subject to the right of the parties to move the Court within forty-five (45) days to reopen the case for further proceedings upon a showing of good cause pursuant to Rule 3.08 of the Local Rules of the Middle District of Florida.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Chambers in Ft. Myers, Florida on March 26, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties